### BRENNER v. LONG ISLAND R. CO.

(Supreme Court, Appellate Term. April 8, 1910.)

RAILROADS (§ 350*)—COLLISION WITH VEHICLE—QUESTIONS FOR JURY.

In an action against a railroad company for the destruction of plaintiff's vehicle in a collision, the issue of defendant's negligence and plaintiff's contributory negligence *held*, under the evidence, questions for the jury.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 350.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Louis Brenner against the Long Island Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

Tobias A. Keppler, for appellant.

Joseph F. Keany (Dominic B. Griffin, of counsel), for respondent.

LEHMAN, J. The plaintiff sues for the destruction of his carriage by reason of a collision with a locomotive owned and operated by the defendant. The plaintiff's witnesses established a prima facie case of negligence on the part of the defendant. The defendant's witnesses contradicted this testimony, and the question of fact as to defendant's negligence was therefore for the jury. The balancing of credibility of witnesses or of the probability of the stories is not primarily the function of the court, and the court was bound to submit this question to the jury, with the right thereafter to consider whether he should set the verdict aside.

The defendant urges, however, that the plaintiff failed to show absence of contributory negligence on the part of his driver, since he failed to procure the testimony of the driver to show what observations he made before going on the track. As authority for that contention it cites the opinion of the court in Serano v. N. Y. C. & H. R. R. Co., 114 App. Div., at page 688, 99 N. Y. Supp. 1103. Aside from the fact that each negligence action presents facts peculiar to itself, to which the opinions of the courts in other actions are seldom entirely applicable, the opinion in the case cited has lost authority by a reversal in the Court of Appeals. 188 N. Y. 156, 80 N. E. 1025, 117 Am. St. Rep. 833.

The plaintiff produced testimony showing his efforts to procure the attendance of the driver, and further showed, by testimony of a passenger in the carriage which was destroyed, and by testimony of the driver immediately in the rear, that, though they looked, they could not see the locomotive until it was right upon the carriage. According to their testimony they heard no bell or whistle. The crossing was at a curve. The locomotive had no headlight in the rear, and was going backwards; and it was getting dark and there was no light at the crossing. Under these circumstances, if the jury believed this testimony, it might well have found that the driver could not have avoided

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the accident by observation, and was therefore not guilty of any negligence contributing to the disaster.

The direction of the verdict was therefore erroneous, and the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.